IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMELA ESCALONA, | ) CIVIL NO. 12-00370 HG-RLP |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) THAT (1) PLAINTIFF BE GIVEN |
| vs. | ) LEAVE TO FILE AN AMENDED |
| | ) COMPLAINT; (2) PLAINTIFF'S |
| ANIMAL CLINIC OF HONOLULU; | ) APPLICATION TO PROCEED WITHOUT |
| DR. MATT LEARA; AND DR. | ) PREPAYMENT OF FEES BE DENIED; |
| KRISTEN KUNIMOTO, | ) AND (3) PLAINTIFF'S REQUEST FOR |
| | ) APPOINTMENT OF COUNSEL BE |
| Defendants. | ) DENIED |

FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT; (2) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED; AND (3) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED[1]

Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs ("Application") and Request for Appointment of Counsel ("Counsel Request"), which were filed on June 28, 2012. Docket Nos. 4, 6. The Court finds these matters suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After careful consideration, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff leave to file an amended complaint, DENY

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Plaintiff's Application with leave to file another Application if she chooses to file an amended complaint, and DENY Plaintiff's Counsel Request.

BACKGROUND

Plaintiff filed an Employment Discrimination Complaint alleging that she was unlawfully discriminated against because of a disability. Compl. ¶¶ 4, 6. Plaintiff alleges that she worked for the Animal Clinic of Honolulu for 12 months and that she was discriminated against throughout her employment in 2010. Compl. ¶ 4. Plaintiff attached to her Complaint a copy of a Right to Sue letter, dated March 28, 2012. See Ex. 1 to Compl. Plaintiff alleges that the Animal Clinic of Honolulu failed to promote her, did not make accommodations for her disability, and did not pay her the same as other employees who worked for a shorter period of time. Compl. ¶ 4. Plaintiff states that Defendants claimed that they had no knowledge of her disability, which was not credible because her disability is "physical" and "noticeable." Id. Plaintiff alleges that after she filed a complaint with the Equal Employment Opportunity Commission, Defendants referred Plaintiff to a collection agency for a debt related to a surgery performed by Dr. Matt Leara, which Dr. Leara had previously agreed not to charge for. Id. Plaintiff also alleges that false accusations were made against her by another worker and that her suggestions for making her job less difficult were ignored. Id. ¶¶ 4, 6.

ANALYSIS

**1. The Court Recommends that Plaintiff Be Given Leave to File an Amended Complaint.**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because Plaintiff is appearing *pro se*, the court must liberally construe her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Plaintiff's Complaint is set forth on a court-provided form for employment discrimination actions under Title VII of the Civil Rights Act of 1964. See Docket No. 1. However, Plaintiff alleges that she was discriminated against based on her disability. Compl. ¶ 5. Disability is not a protected class

3

under Title VII, but is instead covered under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 et seq. Accordingly, the Court construes Plaintiff's Complaint as one brought under the ADA. The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). Under the ADA, a plaintiff must show that she suffers from a disability, that she was able to perform the essential functions of the job with or without reasonable accommodation, and that she was subject to adverse employment action because of her disability. See Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A).

Here, the Court finds that the Complaint should be dismissed for failure to state a claim because the Complaint contains only conclusorily allegations regarding Plaintiff's disability. See Compl. ¶ 4. Plaintiff must plead more than mere conclusory allegations. See Bell Atlantic Corp. v. Twombly, 550

4

U.S. 544, 555 (2007). The Complaint does not contain any allegations regarding what Plaintiff's physical impairment is, how severe it is, or how her impairment substantially limits a major life activity. Additionally, as noted above, Plaintiff must allege facts to support an inference that she was able to perform the essential functions of her job with or without reasonable accommodation and that she was subject to adverse employment action because of her disability. Finally, although Plaintiff names Dr. Kristen Kunimoto as a Defendant, the Complaint does not contain any allegations regarding Dr. Kunimoto's conduct or otherwise state how Dr. Kunimoto is alleged to have wronged Plaintiff.

The Court recommends that Plaintiff be granted leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten on the court-approved form, and may not incorporate any part of the original Complaint by reference. See LR 10.3.

**2. The Court Recommends that Plaintiff's Application to Proceed without Prepayment of Fees be Denied.**

Because the Court finds that the Complaint is deficient, the Court also recommends that Plaintiff's Application

5

be denied and that Plaintiff be given leave to file another Application if she chooses to file an amended complaint.

**3. The Court Recommends that Plaintiffs' Request for Appointment of Counsel Be Denied.**

The court may only designate counsel to represent an indigent civil litigant in certain exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(d).[2] In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims in light of the complexity of the legal issues involved. Terrell, 935 F.2d at 1017. Both factors weigh against appointing counsel in this case. Although Plaintiff's allegations, if true, may present a claim under the ADA, Plaintiff's complaint with the Equal Employment Opportunity Commission was dismissed, and there is no indication that the Commission concluded that any statutory violation occurred. See

---

[2] Plaintiff requests appointment of counsel using a court-provided form for requesting counsel in cases brought under Title VII. See Docket No. 6; 42 U.S.C. § 2000e-5(f). As noted above, the Court construes Plaintiff's complaint as one for employment discrimination under the ADA, not under Title VII. The ADA has incorporated by references the power, remedies, and procedures of Title VII contained in § 2000e-5. See 42 U.S.C. § 12117. To the extent the factors outlined in Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 415-17 (9th Cir. 1994) apply, the Court finds that Plaintiff's request for appointment of counsel should be denied given her minimal efforts at obtaining counsel. See Docket No. 6 at 4 (indicating that Plaintiff contacted one attorney).

Ex. 1 to Compl. Additionally, based on Plaintiff's Complaint, the facts and issues in this case do not appear to be complex. Plaintiff's filings indicate that she can express her claims adequately. The Court concludes that there are no exceptional circumstances justifying the appointment of counsel at this time. Accordingly, the Court FINDS AND RECOMMENDS that Plaintiff's Counsel Request be DENIED.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

2) DENY Plaintiff's Application with leave to file another Application if she chooses to file an amended complaint.

3) DENY Plaintiff's Request for Appointment of Counsel.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 5, 2012.

Richard L. Puglisi
United States Magistrate Judge

**ESCALONA V. ANIMAL CLINIC OF HONOLULU, ET AL.; CIVIL NO. 12-00370 HG-RLP; FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT; (2) PLAINTIFF'S APPLICATION**

**TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED; AND (3) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED**